UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASSOCIATION OF FLIGHT )
ATTENDANTS-CWA, AFL-CIO, )
 )
Plaintiff, )
 )   No. 05 C 1411
v. )
 )   Judge John W. Darrah
AMERICAN EAGLE AIRLINES, INC., )
 )
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Association of Flight Attendants-CWA, AFL-CIO ("AFA"), filed suit against Defendant, American Eagle Airlines, seeking an order to compel Defendant to comply with the terms and conditions of the decision and award of the American Eagle System Board of Adjustment ("System Board"). Presently before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

American Eagle is an Illinois corporation engaged in interstate commerce as a common carrier under the Railroad Labor Act ("RLA"). AFA is a labor organization that represents approximately 1,600 flight attendants employed by American Eagle. American Eagle and the AFA are parties to a collective bargaining agreement ("CBA").

Section 10(M) of the CBA provides that "a flight attendant may request paid personal vacation days of up to six days per year. The Company [American Eagle] may grant such days if

staffing permits." Section 10(N) of the CBA provides that "a flight attendant who has requested and been granted time off by her/his supervisor and is unable to make up the lost time will be given the option to convert the lost time to a personal vacation day." Under the CBA, American Eagle and the AFA resolve grievances in a final and binding arbitration before a three-member board of the System Board.

American Eagle and the AFA began arbitration in 2002 to settle a dispute as to whether American Eagle could deny a flight attendant's request to convert personal time off into a paid vacation day. In April 2004, the System Board issued an award drafted by arbitrator LaRocco ("LaRocco award"), finding that whether or not a flight attendant may exercise the option of converting personal time off into a paid vacation day rests with the flight attendant's own judgment. The arbitration award found that the Defendant was in violation of Section 10(N) of the CBA in its refusal to allow a flight attendant to convert personal time off to a paid vacation day.

During the Winter of 2004, AFA represented flight attendants who requested to take paid vacation days. American Eagle denied the requests due to a shortage of staff. At least fifteen flight attendants took personal time off and later sought to convert the personal time off into paid vacation days per the LaRocco award. American Eagle denied the requests.

## ANALYSIS

American Eagle argues that the AFA's action to enforce an arbitrator's ruling should be dismissed because this Court lacks subject matter jurisdiction over the dispute. The AFA argues that the dispute was previously settled in arbitration by the LaRocco award.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby*

*v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). In determining whether subject matter jurisdiction exists, the court may also look beyond the jurisdictional allegations of the complaint and review whatever evidence has been submitted on the issue. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

Labor disputes involving unions are governed by the RLA. The RLA was designed to "avoid any interruption to commerce or to the operation of any carrier engaged therein" and "to provide for prompt and orderly settlement of all disputes concerning rates of pay, rules, or working conditions." 45 U.S.C. § 151a.

The RLA sets out a complete framework for the resolution of labor disputes, which includes a mandatory arbitration mechanism for the swift and systematic settlement of two types of disputes, major disputes and minor disputes. *Monroe v. Mo. P. R.R. Co.*, 115 F.3d 514, 516 (7th Cir. 1997) (*Monroe*). Major disputes relate to the creation or changing of collective bargaining agreements or attempts to secure collective bargaining agreements. *See Pawlowski v. N.E. Regl. Commuter R.R. Corp.*, 186 F3d 997, 1000 (7th Cir. 1999). Major disputes seek to create contractual rights. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 253 (1994) (*Hawaiian Airlines*); *Monroe*, 115F.3d at 516. Minor disputes involve discrepancies concerning the meaning of an existing collective bargaining agreement in a specific fact situation and are said to "grow out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions". *See* 45 U.S.C. § 151(a); *Hawaiian Airlines*, 512 U.S. at 252. A minor dispute is distinguishable from a major dispute in that it can be conclusively resolved through the interpretation of the existing collective bargaining agreement. *Brown v. Ill. C. R.R. Co.*, 254 F.3d 654, 658 (7th Cir. 2001) (*Brown*). "Where an employer asserts a contractual right to take the contested action, the ensuing

dispute is minor if the action is arguably justified by the terms of the parties' collective bargaining agreement. Where, in contrast, the employer's claims are frivolous or obviously insubstantial, the dispute is major." *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 307 (1989). A minor dispute is subject to compulsory and binding arbitration before the National Railroad Adjustment Board or by an adjustment board established by the employer and the unions representing the employees. *Consolidated Rail Corp.*, 491 U.S. at 303. "If an arbitral award raises bona fide interpretation questions in the wake of post arbitration conduct, those inquiries must be satisfied by the appropriate adjustment board, not by a district court." *American Train Dispatchers Dep't of the Int'l Bhd. of Locomotive Eng'rs v. Norfolk Southern Ry. Co.*, 857 F.Supp. 1276, 1280 (N.D.Ill. 1994).

Plaintiff seeks an order enforcing the LaRocco award in light of American Eagle's failure to convert certain flight attendants' personal time off to paid vacation days as required by the LaRocco award. The AFA Complaint alleges that the decision to convert personal time off to a paid vacation day rested with the flight attendant, not American Eagle. The AFA further alleges that certain flight attendants took personal time off and then attempted to convert those days off to paid vacation days as contemplated by the CBA and LaRocco award and that American Eagle refused to honor the flight attendants' requests because the flight attendants took the personal time off only after they were refused paid vacation days.

American Eagle contends that the AFA's action constitutes a minor dispute because the parties disagree as to whether a flight attendant can convert personal time to a paid vacation day when the personal time was taken after American Eagle denied a paid vacation day request due to staffing concerns. However, the AFA seeks to enforce the LaRocco award's ruling alleging that the

conversion of personal time off to a paid vacation day rests with the flight attendant. American Eagle's failure to honor the request because paid vacation days were previously denied may constitute a defense (a minor dispute requiring arbitration instituted by the Defendant) to converting personal time off to paid vacation days, but it is separate and apart from the AFA's attempt to enforce the LaRocco award. American Eagle's possible defense does not negate the AFA's allegations that the flight attendants received personal time off and later sought to convert that time to paid vacation days as contemplated by the LaRocco award. Accordingly, this Court has subject matter jurisdiction over this dispute.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction is denied.

Dated: August 31, 2005

JOHN W. DARRAH
United States District Judge